**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LISA GAIL VOLK,

Plaintiff,

vs. CASE NO. 3:11-cv-533-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.

---

## ORDER AND OPINION

This case is before the Court on Plaintiff's complaint (Doc. #1), seeking review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned (Docs. #12 & #17). The Commissioner has filed a transcript of the underlying administrative proceedings and evidentiary record (hereinafter referred to as "Tr." followed by the appropriate page number). For the reasons set out herein, the Commissioner's decision is **REVERSED and the case is REMANDED** for additional proceedings.

### I. Procedural History

Plaintiff filed applications for a period of disability, DIB, and SSI, alleging disability beginning April 7, 2007 (Tr. 94-108). Plaintiff's applications were denied initially and upon reconsideration (Tr. 48-49, 50-51, 52-57, 62-65). Plaintiff requested an administrative hearing, which was held on February 10, 2010 (Tr. 34-47). The administrative law judge

("ALJ") issued a decision denying Plaintiff's applications on March 26, 2010 (Tr. 14-33). Plaintiff filed a request for review, which the Appeals Council denied on March 29, 2011 (Tr. 1-6). Plaintiff filed the instant action in federal court on May 25, 2011 (Doc. #1).

## II. Summary of the ALJ's Decision

A plaintiff may be entitled to disability benefits under the Social Security Act if she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected either to result in death or last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits.[1] *See* 20 C.F.R. § 404.1520, 416.920[2]; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).

In the instant case, the ALJ found Plaintiff met the Social Security Act's insured status requirements through June 30, 2012 (Tr. 19). At step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity

---

[1] First, if a claimant is engaging in substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments that significantly limits her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from performing her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(g). A plaintiff bears the burden of persuasion through step four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

[2] Unless otherwise specified, all references to 20 C.F.R. will be to the 2012 edition. As the regulations for SSI disability payments mirror those set forth for DIB on the matters presented in this case, from this point forward the Court may refer only to those sections in 20 C.F.R. pertaining to part 404 and disability insurance benefits.

since April 7, 2007, the alleged onset date. *Id.* At step two, the ALJ found Plaintiff suffered from the severe impairments of status post right foot surgery, scoliosis, and history of heart murmur. *Id.* At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 20). At step four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 CFR 404.1567(a). *Id.* In reaching this conclusion, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting factors of her alleged symptoms not completely credible (Tr. 21). Considering this RFC, the ALJ found Plaintiff was incapable of performing her past relevant work as a cashier (Tr. 27). At step five, relying on the Medical-Vocational Guidelines, the ALJ found there were other jobs existing in significant numbers in the national economy that Plaintiff could perform (Tr. 28). Therefore, the ALJ found Plaintiff was not under a disability from April 7, 2007, the alleged onset date, through the date of his decision. *Id.*

**III. Standard of Review**

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. *See also Richardson v. Perales*, 402 U.S. 389, 390 (1971).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established . . . and such relevant evidence as a reasonable person would accept as

adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. Although the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

In all Social Security disability cases, the plaintiff bears the ultimate burden of proving disability and is responsible for furnishing or identifying medical and other evidence regarding the claimed impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability

unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is the plaintiff's burden to provide the relevant medical and other evidence establishing disabling physical or mental functional limitations. 20 C.F.R. § 404.704.

## IV. Analysis

Plaintiff raises four issues on appeal. First, Plaintiff argues the ALJ erred in rejecting the opinion of Plaintiff's treating physician, Dr. Joseph Pagano. Second, Plaintiff argues the ALJ erred in discounting her credibility. Third, Plaintiff argues the ALJ erred in determining Plaintiff's residual functional capacity ("RFC"). Fourth, Plaintiff argues the ALJ erred by relying solely upon the Medical-Vocational Guidelines ("the grids") at step five to determine whether Plaintiff could make an adjustment to other work. Underlying each of these issues is Plaintiff's central argument that the ALJ failed to consider and address Plaintiff's Reflex Sympathetic Dystrophy Syndrome ("RSDS" or "RSD")[3] in accordance with SSR 03-2p.

### A. RSDS and SSR 03-2p

RSDS is a "chronic pain syndrome most often resulting from trauma to a single extremity." SSR 03-2p. "RSDS/CRPS patients typically report persistent, burning, aching or searing pain," and "[t]he degree of reported pain is often out of proportion to the severity of the precipitating injury." *Id.* RSDS is established by "the presence of persistent complaints of pain that are typically out of proportion to the severity of any documented precipitant" and one or more of the following clinically documented signs in the affected

---

[3] RSDS is also frequently known as Complex Regional Pain Syndrome ("CRPS"). The terms RSDS and CRPS are completely synonymous. SSR 03-2p.

region following the precipitating event: swelling; changes in skin color, texture or temperature; decreased or increased sweating; abnormal pilomotor erection ("gooseflesh"); abnormal hair or nail growth; osteoporosis; or involuntary movements of the affected region of the initial injury. *Id.* Reported pain at the site of injury may be followed by complaints of muscle pain, joint stiffness and restricted mobility. *Id.* Many individuals who suffer from RSDS are "younger individuals" ages eighteen through forty-nine. *Id.*

The pathogenesis of RSDS is not entirely understood, and it is not a Listed Impairment under the Regulations. The Social Security Administration has recognized both of these facts and issued a Ruling, SSR 03–2p, in 2003 to explain its policies for developing and evaluating disability claims based on RSDS. *Brooks v. Barnhart,* 428 F.Supp.2d 1189, 1192 (N.D. Ala. 2006). The Ruling states, in relevant part:

> Claims in which the individual alleges RSDS/CRPS are adjudicated using the sequential evaluation process, just as for any other impairment. Because finding that RSDS/CRPS is a medically determinable impairment requires the presence of chronic pain and one or more clinically documented signs in the affected region, the adjudicator can reliably find that pain is an expected symptom in this disorder. Other symptoms, including such things as extreme sensitivity to touch or pressure, or abnormal sensations of heat or cold, can also be associated with this disorder. Given that a variety of symptoms can be associated with RSDS/CRPS, *once the disorder has been established as a medically determinable impairment, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities.*

SSR 03–2p (emphasis added, citations omitted).

The Ruling recognizes RSDS as a chronic pain syndrome that may progress beyond the limb or body area originally involved and which manifests in intense pain that is out of proportion to the precipitating injury. *Brooks,* 428 F.Supp.2d at 1191-92; SSR 03–2p. The

Ruling also recognizes that the pattern of symptoms may not be entirely consistent due the "transitory nature of the objective findings and the complicated diagnostic process involved." *Id.* The signs of RSDS may not be present continuously, and may be present at one examination but not appear at another. *Id.* The Ruling states: "Transient findings are characteristic of RSDS/CRPS, and do not affect a finding that a medically determinable impairment is present." *Id.* For this reason the medical opinions of treating physicians, particularly those with a longitudinal perspective, should be accorded great deference and weight. *Brooks,* 428 F.Supp.2d at 1192. The Ruling states, in relevant part:

> Medical opinions from treating sources about the nature and severity of an individual's impairment(s) are entitled to *deference* and *may be entitled to controlling weight. If* we find that a treating source's medical opinion on the issue of the nature and severity of an individual's impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, *the adjudicator will give it controlling weight.*

SSR 03–2p (emphasis added, citations omitted). Additionally, the Ruling notes that "conflicting evidence in the medical record is not unusual in cases of RSDS due to the transitory nature of its objective findings and the complicated diagnostic process involved." *Id.* "Clarification of any such conflicts in the medical evidence should be sought first from the individual's treating or other medical sources." *Id.*

**B. Whether the ALJ failed to evaluate Plaintiff's RSDS in accordance with SSR 03-2p**

In the instant case, although the ALJ refers to Plaintiff's RSDS in his decision, the ALJ failed to specifically evaluate Plaintiff's RSDS, in accordance with SSR 03-2p, at any step in the sequential evaluation process. Despite Dr. Pagano's detailed description of Plaintiff's condition and resulting limitations, the ALJ neither found RSDS to be a severe

impairment nor referred to SSR 03-2p in his decision.[4] The Court acknowledges the ALJ gave a thorough and detailed summary of the medical evidence, including Dr. Pagano's opinion, and mentioned Dr. Pagano's diagnosis of RSDS. However, "the mere mention of diagnosis and symptoms which may be associated with RSD does not equate to an evaluation of the intensity, persistence, and limiting effects of Plaintiff's RSD" as required by SSR 03-2p. *Bernstein v. Astrue*, No. 3:09-cv-17-J-34MCR, 2010 WL 746491, at *5 n.9 (M.D. Fla. Mar. 3, 2010)[5]; *see also Hill v. Astrue*, No. 6:10-cv-46-Orl-GJK, 2011 WL 679940, at *10 (M.D. Fla. Feb. 16, 2011) (finding reversible error where "the ALJ failed to specifically evaluate claimant's RSDS, in accordance [with] SSR 03-2p, at any step in [the] sequential evaluation process," even though the ALJ referred to claimant's RSDS in her decision).

The failure to adequately consider and address RSDS, in accordance with SSR 03-2p, undermines the ALJ's determinations with respect to the medical opinion evidence, Plaintiff's credibility, and the RFC determination. *See Hill*, 2011 WL 679940, at *11 ("The ALJ's failure to evaluate RSDS in accordance with SSR 03-2p at step two of the sequential evaluation process necessarily undermines the ALJ's RFC assessment, credibility determination, and hypothetical question to the VE."); *Engberg v. Astrue*, No. 3:10-cv-64/RV/EMT, 2011 WL 3273959, at *10 (N.D. Fla. June 29, 2011), adopted at 2011 WL 3273933 ("[A]lthough the ALJ failed to properly evaluated Plaintiff's RSDS/CRPS and weigh

---

[4] The undersigned notes Dr. Stephen Kaufmann, another treating physician, also diagnosed Plaintiff with RSDS (Tr. 243, 246).

[5] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

the medical opinions related thereto, the error began at the first stages of the sequential evaluation and – in the undersigned's opinion – affected all subsequent analyses."). This is particularly true in light of the ALJ's focus throughout his decision-making on "objective findings" and the "objective medical evidence." The ALJ acknowledged Dr. Pagano had been treating Plaintiff for two years for RSDS. However, the ALJ found Dr. Pagano's opinions to be "totally inconsistent with the objective findings in his treatment records" (Tr. 25-26).[6] With regards to the credibility of Plaintiff's pain testimony, the ALJ stated he found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent" with a sedentary RFC (Tr. 21-22). The ALJ stated he did not discount all of Plaintiff's complaints, but "given the objective medical evidence in the record," Plaintiff could function within a sedentary RFC without experiencing significant exacerbation of her symptoms (Tr. 27).

"Critically, as the medical authorities and SSR 03-2p recognize, RSD/CRPS is a disease for which objective findings can be minimal." *Hunt v. Astrue*, No. EDCV 08-00299-

[6] Specifically, the ALJ noted range of motion was consistently found to be full, the claimant exhibited a steady and normal gait, and the record showed claimant reported good pain control (Tr. 25). The Court finds this does not accurately reflect the record. Several times throughout the two years Dr. Pagano treated Plaintiff he noted restricted range of motion (Tr. 384, 391, 399, 407, 418, 433, 447) and Plaintiff reported her pain control was "suboptimal" or "inadequate" (Tr. 384, 399, 407, 411, 412, 418, 426, 433, 447, 461, 465, 469, 473). Additionally, while sometimes Plaintiff exhibited a steady and normal gait (Tr. 411, 426, 469, 473), other times Dr. Pagano reported Plaintiff was using a cane or wheelchair (Tr. 384, 391, 399, 407, 418, 433, 441, 447, 461). As stated previously, the signs of RSDS may not be present continuously and "transient findings are characteristic of RSDS/CRPS." SSR 03-2p.

MAN, 2009 WL 1519543, at *4 (C.D. Cal. May 29, 2009) (citing Samuel D. Hodge, Jr., Jack E. Hubbard & Katherine Armstrong, *Complex Regional Pain Syndrome – Why the Controversy? A Medical/Legal Overview*, 13 Mich. St. U.J. Med. & L. 1, 13 (Winter 2009)). "RSD/CRPS is a disease diagnosed primarily based on subjective complaints, and the absence of 'objective medical evidence,' such as x-rays or laboratory tests, cannot be cited as a legitimate basis for rejecting plaintiff's subjective pain and limitations testimony." *Id.* at *5; *see also Valdora v. Comm'r of Soc. Sec.*, No. 08-5519(JBS), 2009 WL 4126194, at *16 (D.N.J. Nov. 23, 2009) ("In evaluating Plaintiff's RSDS/CRPS, the ALJ was not free to reject Plaintiff's statements about the intensity and persistence of her pain based solely on a lack of objective medical evidence." (citing SSR 96-7p(4)); *Hill*, 2011 WL 679940, at *11 ("[T]he ALJ's determination that Claimant's subjective statements were not entirely credible is not supported by substantial evidence without a proper evaluation of Claimant's RSD because RSD is characterized with complaints of pain which are 'out of proportion to the severity of the injury,' and objective findings can be minimal. . . . [T]he ALJ's rejection of Claimant's subjective allegations of pain was likely a result of the ALJ's failure to properly evaluate Claimant's RSD."); *Bernstein,* 2010 WL 746491, at *5 (finding ALJ erred in rejecting treating physician's opinion as unsupported by his treatment records and other medical evidence because "the ALJ's rejection of [the doctor's] opinion was likely a result of his failure to adequately evaluate Plaintiff's RSD in accordance with SSR 03-2p"); *Brooks*, 428 F.Supp.2d at 1193 (citing SSR 03-2p) ("The patient's disproportionate, but nevertheless real, perception of pain is the hallmark of this neurological syndrome.").

Because the ALJ neither addressed Plaintiff's RSDS specifically nor cited to SSR 03-2p, the Court is uncertain whether the ALJ was aware of the characteristics of this "unique clinical syndrome" and the Administration's policy for evaluating claims based on RSDS. *See* SSR 03-2p. Accordingly, the Court finds the ALJ's decision is not supported by substantial evidence and is not based upon the proper legal standards. Therefore, this case must be remanded for further proceedings.[7] On remand, the ALJ must: (1) evaluate Plaintiff's RSDS in accordance with SSR 03-2p, including an evaluation of the intensity, persistence, and limiting effects of Plaintiff's symptoms; (2) re-evaluate the opinion of Plaintiff's treating physician, Dr. Pagano, and accord it proper weight; (3) re-evaluate Plaintiff's credibility; (4) reconsider Plaintiff's RFC; and (5) conduct any other proceedings deemed appropriate.

**V. Conclusion**

For the foregoing reasons, the undersigned finds the decision of the Commissioner is neither supported by substantial evidence, nor decided according to proper legal

---

[7] Citing *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986), and *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987), Plaintiff asserts Dr. Pagano's opinions and Plaintiff's statements should be accepted as true as a matter of law, because substantial evidence does not support the ALJ's discrediting of this evidence. As previously stated, the Court finds the ALJ's rejection of Dr. Pagano's opinions and Plaintiff's testimony the result of a failure to adequately consider RSDS. The Court finds the ALJ should be afforded an opportunity to re-evaluate this evidence after proper consideration of Plaintiff's condition. Additionally, the Court notes the Eleventh Circuit has recently receded from *MacGregor's* language, citing the prior precedent rule. *See Lawton v. Comm'r of Soc. Sec.*, 431 Fed. Appx. 830, 835 (11th Cir. 2011) (per curiam); *Dempsey v. Comm'r of Soc. Sec.*, 454 Fed. Appx. 729, 732 n.5 (11th Cir. 2011) (per curiam).

Plaintiff also urges the Court to reverse the ALJ's decision and remand for an award of benefits. However, the Court finds a remand for further proceedings is the appropriate remedy in the instant case. *See Engberg*, 2011 WL 3273959, at *10 ("[T]he case is most appropriately remanded to reconsider altogether Plaintiff's RSDS/CRPS in accordnce with SSR 03-2p, as well as the opinions of Plaintiff's treating physicians.").

standards. Accordingly, the decision of the Commissioner is hereby **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g). The case is **REMANDED** for additional proceedings consistent with this Order and Opinion. The Clerk of Court is directed to enter judgment consistent with this Order and Opinion, and thereafter to close the file.[8]

Plaintiff is cautioned, however, that this opinion does not suggest Plaintiff is entitled to disability benefits. Rather, it speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act. *Phillips v. Barnhart*, 357 F.3d 1232, 1244 (11th Cir. 2004).

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of September, 2012.

Thomas E. Morris

THOMAS E. MORRIS
United States Magistrate Judge

Copies to: All counsel of record

---

[8] If Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney fees under 42 U.S.C. § 406(b) **must be filed within thirty (30) days** of the Commissioner's final decision to award benefits. *See Bergen v. Comm'r Soc. Sec.*, 454 F.3d 1273, 1278 n.2 (11th Cir. 2006) (recognizing under Fed. R. Civ. P. 54(d)(2)(B) the district court may enlarge the time for any attorney to petition for fees and suggesting time be stated in the judgment); *compare with* Fed. R. Civ. P. 54(d)(2)(B) and M.D. Fla. Loc. R. 4.18(a) (both requiring that unless a statute **or court order** provides otherwise, any motion for attorney fees must be filed no later than fourteen (14) days after entry of judgment) (emphasis added). This Order and Opinion does not, however, extend the time limits for filing a motion for attorney fees under the Equal Access to Justice Act.