**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LISA VOLK,

       Plaintiff,

vs.                                 CASE NO. 3:11-cv-533-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

_____

## O R D E R

This case is before the Court on Plaintiff's Petition for an Award of Attorney's Fees, Costs & Expenses Under the Equal Access to Justice Act (Doc. #15, Motion), filed on October 18, 2012.  In the instant Motion, Plaintiff seeks an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA) in the amount of $4,302.61, and costs and expenses totaling $371.28.  Motion at 6-7.  Plaintiff represents that Defendant does not oppose the requested relief.  *Id.* at 6.

Counsel for Plaintiff indicates a total of 23.8 hours were expended in the representation of Plaintiff before the Court.  *Id* at 5.  Plaintiff requests an hourly rate of $180.57 for services performed in 2011 and $182.76 for services performed in 2012.  *Id.* at 7.  Plaintiff is seeking a higher hourly fee than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney fee rate was last adjusted by Congress.  See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased).  Having examined the Consumer Price Index, the Court concludes the increases in inflation justify

a proportionate increase in attorney fee rates.[1]  Accordingly, the Court finds the rates requested by Plaintiff should be allowed.

In this case, Plaintiff's counsel seeks $371.28 in expenses reportedly payable under the EAJA.  Motion at 7.  These expenses break down as $21.28 in certified mailing charges and service of summons and the Court's filing fee of $350.  Special provision is made in the Equal Access to Justice Act for the reimbursement of filing fees under 28 U.S.C. § 2412(a)(2).  Thus, reimbursement of the filing fee is clearly allowed.  The question of which expenses, outside the filing fee, may be covered by the EAJA has resulted in differing opinions on the subject. Some precedent does exist within the Eleventh Circuit to allow an award for expenses under the EAJA that includes postage fees.  In *Jean v. Nelson*, 863 F.2d 759 (11th Cir. 1988), the court expressly rejected the government's argument that telephone, reasonable travel, postage, and computerized research were not compensable under the EAJA and instead found these costs were compensable to the extent they were necessary to the preparation of the plaintiff's case.  *Id.* at 777-78. Yet, in *Sanfilippo v. Comm'r of Social Security*, No. 08-14203, 2009 WL 1532039 (11th Cir. Jun. 3, 2009), the appeals court affirmed the underlying district court decision that denied the EAJA fee applicant's claim for copying and postage charges.

With respect to expenses generally, courts have held overhead costs to be

---

[1]Were these hourly rates contested, the Court's determination regarding the reasonableness might be different.  The Court arrived at its conclusions, however, after visiting the following website: www.minneapolisfed.org (last visited October 25, 2012).

The Court refers to this public website for informational purposes only.  The Court accepts no responsibility for and does not endorse any content found at this website. Furthermore, the Court's opinion is not affected should this website cease to be available in the future.

non-reimbursable. *See, e.g., Gates v. Barnhart,* 325 F. Supp. 2d 1342 (M.D. Fla. 2002). In

*Gates*, the court found $39.04 in postage for certified mailing charges was not

reimbursable, in part because the amount seemed large for the small number of documents

that would have been sent certified mail.  *Id.*   Here, Plaintiff's counsel seeks $21.28 for

certified mailing to file the complaint and for service of summons.  The Court finds these

costs are reasonable and an award of such costs falls within the discretion of the Court.

*See, e.g., Dir. of Office of Thrift Supervision, U.S. Dept. of Treasury v. Lopez,*  141 F.R.D.

165, 167 (S.D. Fla.,1992) (there is a trend toward giving more discretion to the court to

determine an award of costs).

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.      Plaintiff's Motion (Doc. #15) is **GRANTED**.

2.      The Clerk shall enter judgment in favor of Plaintiff and against Defendant in

the amount of $4,302.61 for the EAJA attorney fees and $21.28 for expenses taxed under

28 U.S.C. § 2412(d).

3.      The Clerk shall enter judgment in favor of Plaintiff and against Defendant in

the amount of $350 for EAJA costs taxed under 28 U.S.C. § 2412(a)(2).

4.       The Court leaves it to the discretion of the government to accept Plaintiff's

assignment of EAJA Fees and pay fees directly to Plaintiff's counsel after a determination

that Plaintiff does not owe a federal debt.  *See  Astrue v. Ratliff*, 130 S.Ct. 2521, 2528-29

(2010) (establishing that any award of attorney fees under the EAJA is subject to offset by

the government of any debt owed by the plaintiff to the United States).

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of November, 2012.

Copies to all counsel of record
and *pro se* parties, if any

THOMAS E. MORRIS
United States Magistrate Judge

4